IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                        No. 12-10089-12-JTM

JESUS SANCHEZ,
    Defendant.

MEMORANDUM AND ORDER

The defendant Jesus Sanchez was convicted on January 1, 2014 of violating 18 U.S.C. § 1962(d), and sentenced to 120 months imprisonment. (Dkt. 906). Sanchez waived his right to appeal (Dkt. 910) in conjunction with his plea of guilty. The matter is now before the court on his 28 U.S.C. § 2255 motion to vacate his sentence, which argues that "the Rico Conspiracy does not qualify as a crime of violence." (Dkt. 1340, at 4).

To avoid the one-year limitations period for such collateral attacks, Sanchez seeks the protection of 28 U.S.C. § 2255(f)(3), which provides an exception where the Supreme Court has newly recognized a right not previously available. Specifically, Sanchez invokes the protection of recent decisions in which the Supreme Court has determined that the term "crime of violence" used in various federal statutes is impermissibly vague. *See United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019) (residual "crime of violence" clause of 18 U.S.C. § 924(c)(3)(B)); *Sessions v. Dimaya*, ___U.S. ___, 138 S. Ct. 1204, 1213,

200 L.Ed.2d 549 (2018) (the term "crime of violence," as incorporated into the Immigration and Nationality Act's (INA) definition of "aggravated felony," 8 U.S.C.A. § 1101(a)(43)(F); 18 U.S.C.A. § 16(b)); *Johnson v. United States*, 576 U.S. \_\_\_ 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (residual "crime of violence" clause of the Armed Career Criminal Act (ACCA)).

However, Sanchez was convicted of none of these offenses, but of a RICO conspiracy under § 1962(d). The defendant has cited to no cases, by the Supreme Court or otherwise, holding that § 1962(d) is unconstitutionally vague. Courts have generally rejected vagueness challenges to the RICO. *See United States v. Casillas*, 2019 WL 987893, at *8-9 (W.D. Mich. Feb. 28, 2019). The "crime of violence" issues raised in the wake of *Johnson* do not alter this conclusion:

> Obviously, *Johnson* does not directly apply to Defendant's case because *Johnson* does not address the RICO statute. Moreover, it does not apply by analogy or logic because Defendant has not, and cannot, find the same type of flaws in the RICO statute that the Supreme Court found in the ACCA. To assess the risk of violating the RICO statute, one need only assess the risk of repeatedly violating certain clearly enumerated state and federal laws. Thus, the void-for-vagueness challenge to the RICO statute is meritless.

*Casillas*, 2019 WL 978893, at *9. *See also Aller v. United States*, No. 00 CR 977, 2018 WL 4579829, at *2 (S.D.N.Y. Aug. 17, 2018) (finding consistent rejection of vagueness attacks on the RICO statute, and observing "*Johnson* does not affect this analysis" since "the RICO statute does not contain either of the "twin ambiguities" at issue in *Johnson*").

2

Here, the defendant knowingly and voluntarily pled guilty to participation in a RICO conspiracy, and his participation included attempted murder (Dkt. 884, ¶ 47) and robbery at knifepoint. (*Id*. ¶ 52). The court finds that the defendant's § 2255 claim is untimely, and in the absence of any newly recognized right his claim is not preserved under 28 U.S.C. § 2255(f)(3).

The court denies the defendant's request for appointment of counsel. The court finds that the defendant has adequately and articulately (if ultimately unsuccessfully) presented his arguments. Representation by counsel would not yield any different result.

The court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a certificate may issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). When a court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that the arguments rejected by the court are untimely the defendant has not satisfied these standards. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

IT IS ACCORDINGLY ORDERED this day of August, 2019, that the defendant petitioner's Motion to Vacate and for Appointment of Counsel (Dkt. 1340) is hereby dismissed.

s/ J. Thomas Marten
J. Thomas Marten, Judge